SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 31 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOVI LOWENBEIN on behalf of himself and
all other similarly situated consumers

        Plaintiff,

-against-

MALEN & ASSOCIATES, P.C.

        Defendant.

CV-12 5444

AMON, CH.J.

SCANLON, M.J.

**CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiff Dovi Lowenbein seeks redress for the illegal practices of Malen & Associates, p.c. in which it unlawfully engaged in the collection of consumer debts in violation of the Telephone Communications Privacy Act ("TCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff was subject to unlawful calls under the TCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Westbury, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a debt collector which places automated telephone calls to debtors.

### *Venue*

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Dovi Lowenbein*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

11. On thirty one occasions within the past year, Defendant made thirty one calls to an unauthorized wireless number belonging to Plaintiff.

12. Upon information and belief Defendant used an auto dialer and or prerecorded messages when calling the Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

13. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twelve (12) as if set forth fully in this Cause of Action.

14. The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating thirty one telephone calls to the Plaintiff's wireless telephone number using an artificial and/or pre-recorded

voice to deliver messages without having the consent of the Plaintiff to leave such messages.

15. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by Defendant.

16. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the use of the wireless telephone number at issue where the Plaintiff was charged for each call.

17. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of $500.00 per call.

18. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

19. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

20. This action is brought on behalf of Plaintiff and the members of a class.

21. The class consists of consumers who were left a telephone message concerning a consumer debt on a cell phone or other method whereby the class member incurred a cost for the receipt of the message.

22. The class consists of all persons whom Defendant's records reflect resided in the United States and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint where the consumer incurred a charge for the messages; (a) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation of 47 U.S.C. § 227.

23. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), a class action is appropriate and preferable in this case because:

    (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the TCPA.

    (C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure.

26. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer.

### *Violations of the Telephone Communications Privacy Act*

27. The actions of the Defendant violate the TCPA.

28. Because the Defendant intentionally violated the TCPA, the Plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendant failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances including attorney fees awarded from the common fund.

Dated: Cedarhurst, New York
October 25, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)